**Gloria C. STRAUB, Plaintiff-Appellant,**

v.

**CROWN LIFE INSURANCE CO., a corporation, Defendant-Respondent.**

**No. 34746.**

Missouri Court of Appeals, St. Louis District.

May 22, 1973.

Motion for Rehearing or Transfer Denied June 8, 1973.

Application to Transfer Denied July 16, 1973.

Flynn & Parker, St. Louis, for plaintiff-appellant.

Hocker, Goodwin, Koenig, Gibbons & Fehlig, St. Louis, for defendant-respondent.

CLEMENS, Judge.

Plaintiff sued to recover $10,000 on a duplicate certificate of eligibility as beneficiary under defendant's group insurance policy issued to Pioneer Liquor Company. Judgment was for defendant and plaintiff appeals. We affirm.

As a salesman for Pioneer Liquor Company, William A. Straub was entitled to participate to the extent of $10,000 in his employer's group life insurance policy issued by defendant insurer. The employer issued Mr. Straub two $10,000 certificates for reasons not entirely clear. When Mr. Straub died plaintiff-beneficiary filed claim on one certificate and defendant paid her $10,000. She then filed a claim on the other certificate and sued when payment was denied.

A contract of group insurance is one between the insurer and the employer for the benefit of the latter's employees; the certificate of insurance which is issued to the individual employee is merely a statement to him that he is insured under the group policy. The rights of an employee or his beneficiary are determined therefore under the provisions of the contract between the insurer and the employer. Satz v. Prudential Insurance Company of America, 225 S.W.2d 480 (Mo.App.1949).

Defendant's policy states: "This certificate is issued as evidence of insurance under the group policy. The insurance is subject to the terms of the group policy and all provisions of the group policy apply to the insurance whether mentioned in this certificate or not . . . The insurance evidenced by this certificate will not take effect on the date shown unless all the eligibility requirements of the group policy have been complied with . . . If a certificate be issued to an employee who for any reason is not entitled to insurance under this policy, such certificate shall be of no effect, and in the event of any discrepancy between the provisions of this policy and those of any employee's certificate, the provisions of this policy shall govern."

Plaintiff's rights are limited to the terms of defendant's policy which exclude coverage beyond the $10,000 already paid plaintiff.

Judgment affirmed.

WEIER, Acting C. J., and McMILLIAN, J., concur.