**PILOT LIFE INSURANCE COMPANY, Plaintiff-Interpleader,**

v.

**Geneva SCOTT, Defendant-Appellant,**

and

**Luvenia Scott, Defendant-Respondent.**

No. 40286.

Missouri Court of Appeals, Eastern District, Division Three.

April 24, 1979.

Henry Thomas, St. Louis, for defendant-appellant.

Hollander & Vaughan, Toby H. Hollander, St. Louis, for defendant-respondent.

CLEMENS, Senior Judge.

In this interpleader suit Herman Scott's divorced wife, Geneva, and his widow, Luvenia, vie for the proceeds of a $15,000 group life insurance policy issued by the plaintiff life insurance company. The company pleaded that both Geneva and Luvenia had claimed the funds and the court granted its plea to pay the proceeds into court and stand discharged.

Geneva, the divorced wife, and Luvenia, the widow, interpleaded. The court gave Luvenia judgment and Geneva has appealed. We affirm.

Undisputed facts set the framework for the claims of each intervenor. When Geneva divorced Herman, his employer carried a group life insurance with another insuror, General American Life Insurance Company; Herman agreed at the time of divorce "to keep in force all life insurance policies he presently has and keep as his sole beneficiary of said insurance policies, Geneva Scott." Thereafter Herman married Luvenia. Later, Herman's employer cancelled the General American group policy and acquired the Pilot Life group policy which provided $15,000 coverage on Herman's life; he designated his then wife, Luvenia, as beneficiary. The court's judgment granted her the fund.

Geneva contends on appeal that the trial court erred in denying her the fund because of Herman's previous divorce stipulation to keep his insurance policies in force for her benefit. She contends Herman violated this covenant which gave her a vested interest in his insurance. Luvenia counters by contending the first policy which Herman agreed to keep in force had been cancelled by his employer, and she bases her claim on the new policy naming her as beneficiary.

Cases cited by Geneva are not in point. In each the insured had, contrary to agreement, changed the beneficiary of the *same policy* on which action was brought. In contrast, the General American policy naming Geneva as beneficiary was cancelled by the insured and no longer existed. Geneva was never the beneficiary in the policy in issue.

Geneva's contention ignores the distinction between an ordinary life insurance policy between an insurer and the insured and a group life insurance policy between an insurer and an employer—for the benefit of its employees. The landmark case on the distinction is *Satz v. Prudential Ins. Co. of America*, 225 S.W.2d 480 [1, 2] (Mo.App. 1949), declaring: "The law is well settled . . . that a contract of group insurance is one between the insurer and the employer for the benefit of the latter's employees . . . Therefore, the rights of an employee or his beneficiary are to be determined under the provisions of the contract between the insurer and the employer." *Satz* was followed and applied in *Straub v. Crown Life Insurance Co.*, 496 S.W.2d 42 [1]

(Mo.App.1973) and in *Burkhardt v. Am. Life Ins. Co.*, 534 S.W.2d 57 [10, 11] (Mo. App.1975), where we added: "One of the features which distinguish a group insurance contract from forms of other insurance policies is that a contract of group insurance is a contract between the insurer and the employer for the benefit of the latter's employees and the rights of the employee or his beneficiary are to be determined under the provisions of the contract between the insurer and the employer. . . . In an action upon a policy of group insurance the burden is on the plaintiff beneficiary to show that the deceased employee was insured under the policy sued upon at the time his death occurred."

Here, under the existing group policy sued on the insurer was obligated to Herman's employer to pay the fund to Luvenia, the designated beneficiary. The trial court so ruled.

Judgment affirmed.

REINHARD, P. J., and GUNN and CRIST, JJ., concur.